IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KWAME TAKYI,<br><br>   Plaintiff,<br><br>vs.<br><br>COMMISSIONER SOCIAL SECURITY ADMINISTRATION,<br><br>   Defendant. | CASE NO. 5:24-cv-347<br><br>DISTRICT JUDGE<br>BENITA Y. PEARSON<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT & RECOMMENDATION** |

   In March 2023, an Administrative Law Judge (ALJ) issued a written decision that found that Plaintiff Kwame Takyi was not entitled to benefits. Tr. 8. The ALJ's decision became the final determination of the Commissioner of Social Security when the Appeals Council denied DiFranco's request to review the ALJ's decision. Tr. 1. Takyi, who is represented by counsel, sought judicial review of the Commissioner's decision, and the Court referred this case to me under Local Rule 72.2 for the preparation of a report and recommendation. Doc. 1, *see also* May 29, 2024 Automatic Reference.

   On March 5, 2024, Magistrate Judge Thomas M. Parker, who was previously assigned this matter, issued a briefing order instructing Takyi to file his merits brief within 45 days after the Commissioner filed the transcript. Doc. 6, at 2; *see also* Local Rule 16.3.1(e)(1). The Order warned that if the plaintiff failed to file his brief within the prescribed time, and a motion for

extension hadn't been granted, "the case may be dismissed for want of prosecution without further notice." Doc. 6, at 2.

Takyi's brief was initially due on June 2, 2024, but through counsel he requested an extension to file his brief until July 2, 2024. Doc. 9. This Court granted that extension. *See* May 31, 2024 Order. Takyi's counsel has not requested any further extension, and July 2, 2024 has long since passed.

If a plaintiff doesn't prosecute an action, a district court can dismiss the case under the court's inherent power to control its docket or as an involuntarily dismissal under Fed. R. Civ. P. 41(b). *Link v. Wasbash R.R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Alsup v. Int'l Union of Bricklayers & Allied Craftsmen of Toledo, Ohio, Local Union No. 3*, 902 F.2d 1568, at *3 (6th Cir. 1990) (table); *see also Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008).

Courts consider four factors to determine whether a case should be dismissed for the failure to prosecute under Fed. R. Civ. P. 41(b): whether (1) the plaintiff's failure is due to "willfulness, bad faith, or fault"; (2) the defendant was prejudiced by the plaintiff's conduct; (3) the plaintiff was warned that his failure to cooperate could lead to dismissal; and (4) the court

2

imposed or considered less drastic sanctions before ordering dismissal. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

As to the first factor, Takyi didn't file a brief even after the Court permitted an extension for filing, *see* May 31, 2021 Order, and no further extension has been requested. This shows that Takyi's counsel was aware of the original and the extended deadline, and has failed to comply with either. For the second factor, the Commissioner of Social Security is required to defend Takyi's Complaint, and he filed the Administrative Record. Doc. 8. For the third factor, Takyi's counsel was warned in the Court's initial order that failure to file a brief.[1] Doc. 4, at 2. And fourth, the Court needs briefing to adjudicate this case. So a less drastic sanction would not be effective.

I recommend that Takyi's case be dismissed, without prejudice, under Fed. R. Civ. P. 41(b) for Takyi's failure to prosecute.

Dated: August 16, 2024

                                           */s/ James E. Grimes Jr.*
                                           James E. Grimes Jr.
                                           U.S. Magistrate Judge

---

[1] This is not the first time that Takyi's counsels' office has missed a briefing deadline. *See, e.g.*, Case Nos. 1:24-cv-437, 1:24-cv-307, 1:23-cv-334, 5:22-cv-1018.

3

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).